**STATE of Minnesota, Appellant,**

**v.**

**Raymond Thomas BREEDEN,**
**Respondent.**

**No. C0–85–1149.**

Court of Appeals of Minnesota.

Oct. 1, 1985.

Hubert H. Humphrey, III, Atty. Gen., Edward P. Starr, St. Paul City Atty., Michael F. Driscoll, Asst. City Atty., St. Paul, for appellant.

F. Patrick McGrath, St. Paul, for respondent.

Considered and decided by POPOVICH, C.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

The State appeals from a pretrial order suppressing admission of a videotape made of Thomas Breeden after his arrest for DWI. The trial court found that Breeden's right to counsel was violated and that the probative value of the videotape was substantially outweighed by the danger of unfair prejudice. We affirm in part, reverse in part and remand with instructions.

## FACTS

On Saturday, January 28, 1984, St. Paul Police Officer Tim Trooien stopped a vehicle that was driving erratically. When Officer Trooien asked the driver what was wrong, the driver replied, "I'm inebriated." Officer Trooien arrested Breeden after he observed his speech was slurred, his eyes were glassy and bloodshot, and he had a strong odor of alcohol.

At police headquarters Officer Trooien read the Minnesota implied consent advisory form to Breeden. The form in use at the time had the following language:

Before making your decision about testing, you have the right to consult with an attorney. This right cannot unreasonably delay the test. If you can't reach an attorney you will have to decide on your own.

When Officer Trooien asked Breeden if he wished to talk with an attorney, Breeden gave the name of an attorney. Trooien unsuccessfully attempted to contact the attorney. Breeden did not request a different attorney and refused to take a breath test.

Officer Trooien gave Breeden a *Miranda* warning. Breeden said he understood his rights. Breeden did not request an attorney. The officer began asking him questions from an alcohol and drug influence report form. After giving several responses, Breeden refused to answer any more questions.

Officer Trooien videotaped Breeden because Breeden said he had a balance problem and could not do the field sobriety tests. The videotape first shows Breeden doing a series of field sobriety tests and then answering questions. The questions are essentially identical to the alcohol influence report. Breeden emphatically states several times that he is deaf in one ear and has a balance problem. He refuses to do several tests. At one point he attempts to walk away from the camera and Officer Trooien physically restrains him. Toward the end of the tape Breeden says, "I got rights" and "I ain't got a lawyer here yet, so you can't classify any of this."

At the Rasmussen hearing, the trial court suppressed the entire videotape.

## ISSUES

1. Was respondent's right to counsel violated?

2. Did the trial court err in suppressing the videotape?

## ANALYSIS

█ In a pretrial appeal from an order suppressing evidence in a criminal case, the trial court's ruling will be reversed only—

"if the state demonstrates clearly and unequivocally that the trial court has erred in its judgment and that, unless reversed, the error will have a critical impact on the outcome of the trial." *State v. Wendroth,* 352 N.W.2d 133, 134–35 (Minn.Ct.App.1984) (quoting *State v. Webber,* 262 N.W.2d 157 (Minn.1977)).

## I.

■ Breeden challenges admissibility of statements he made on a videotape.

[A] person subjected to custodial interrogation is entitled to the benefit of the procedural safeguards enunciated in *Miranda,* regardless of the nature or severity of the offense of which he is suspected or for which he was arrested.

*Berkemer v. McCarty,* —— U.S. ——, 104 S.Ct. 3138, 3148, 82 L.Ed.2d 317 (1984) (footnote omitted). *Berkemer* dealt specifically with the rights of a suspect arrested for driving under the influence. That case expressly reserved the question of whether an intoxicated suspect could knowingly and intelligently waive his constitutional rights. *Id.* at ——, 104 S.Ct. at 3148, n. 21.

Breeden received a *Miranda* warning after the implied consent advisory and prior to questioning from an alcohol influence report. The trial court found that Breeden's refusal to answer any more questions, coupled with his request for counsel during the implied consent advisory, was sufficient to invoke Breeden's sixth amendment right to counsel.

■ Breeden's silence following the *Miranda* warning did not constitute a waiver of his right to counsel. *See Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981).

That portion of the videotape where Officer Trooien repeated the questions defendant previously refused to answer, including what he had to drink, was obtained in violation of Breeden's constitutional rights.

## II.

■ The trial court also ruled that the non-testimonial portion of the videotape was inadmissible because the jury would not be able to distinguish between the effects of alcohol and the claimed balance problem. The state argues that these portions of the videotape are admissible as real evidence of Breeden's physical condition. In *Schmerber v. California,* 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966), the United States Supreme Court held that the fifth amendment protects an accused—

only from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature * * *.

384 U.S. at 761, 86 S.Ct. at 1830. The gathering of real evidence such as blood samples, fingerprints, or photographs does not violate a defendant's fifth amendment rights. *Id.* Under *Schmerber,* the trial court erred when it suppressed the entire videotape on constitutional grounds. We find that this error will have a critical impact on the outcome of this trial because no blood alcohol test evidence is available to the state.

The test that the trial court must use in determining what to admit and what not to admit * * * is the basic test of Minn.R.Evid. 403, whether the potential of the evidence for unfair prejudice outweighs its probative value.

*State v. Czech,* 343 N.W.2d 854, 857, n. 1 (Minn.1984).

■ We find no basis for the trial court's finding that Breeden would be unfairly prejudiced because the jury could not discriminate between a balance problem and intoxication. First, the only evidence of a balance problem is Breeden's self-serving statement. Second, the jury is capable of viewing the real evidence of intoxication together with any proof of a balance problem and reaching their own conclusion as to the facts. The trial court abused its discretion when it improperly invaded the province of the jury by ruling on a question of fact. *See* Minn.R.Evid. 104 Committee Comment (1985).

## DECISION

The trial court correctly determined that defendant had invoked his right to counsel.

However, the trial court erred by suppressing non-testimonial portions of the videotape. We remand with directions to admit that portion of the videotape which shows Breeden performing field sobriety tests. That portion containing testimonial evidence which begins with the question relating to the amount of alcohol Breeden had consumed should be excluded.

Affirmed in part, reversed in part and remanded with instructions.