451 S.E.2d 749

Carney **HAMILTON** and **Charlotte Hamilton, Plaintiffs Below,**

Carney **Hamilton, Appellant,**

v.

Mary **RAVASIO and Withers Broadcasting Company of West Virginia, dba WDTV–5, Defendants Below, Appellees.**

No. 21275.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 28, 1994.

Decided Nov. 18, 1994.

---

Brent E. Beveridge, Fairmont, for appellant.

Elisabeth H. Rose, Rose Padden & Petty, L.C., Fairmont, for appellees.

PER CURIAM:

Carney Hamilton appeals a jury verdict in the Circuit Court of Marion County finding that Mary Ravasio and Withers Broadcasting Company of West Virginia, dba WDTV-5, the car's owner, were not negligent in an accident in which Ms. Ravasio's car hit Mr. Hamilton's car. On appeal, Mr. Hamilton argues that the circuit court erred in refusing to allow Mrs. Hamilton and an accident scene witness to testify and in not continuing the trial date because during a subsequent employment accident Mr. Hamilton lost his memory of the automobile accident. In light of the unusual circumstances of this case, we find that the circuit court abused his discretion in refusing to continue the trial date and we reverse the decision of the circuit court.

On November 11, 1987, Ms. Ravasio's car crossed over the center line on Hillcrest Road in Marion County and collided with Mr. Hamilton's car. Ms. Ravasio, a reporter for WDTV-5, was driving a car owned by With-ers Broadcasting Company of West Virginia. The State Police accident report noted the road surface as "[w]et" and "[s]now, ice." In the accident report, Ms. Ravasio said that her "car started to slide straight as I was into the turn. I kept cutting the wheel to the right and nothing happened, I hit him." In addition to automobile damages, Mr. Hamilton allegedly injured his head and neck.[1] On November 9, 1989, Mr. Hamilton, alleging that Ms. Ravasio was negligent, sued Ms. Ravasio and Withers Broadcasting for $50,-000.

On April 23, 1990, while discovery was still being sought in this case, Mr. Hamilton fell from a ladder severely injuring his head and causing substantial memory loss. The circuit court, *sua sponte,* set a trial date for the June 1991 Court term. At the July 2, 1991 pretrial conference, Mr. Hamilton's lawyer, citing Mr. Hamilton's memory loss, moved for a continuance. After considering the August 16, 1991 testimony of Anjaneyulu Thagirisa, M.D., Mr. Hamilton's treating physician, the circuit court found that Mr. Hamilton's memory was not likely to improve and denied the continuance.

On September 4, 1991, immediately before this case's scheduled trial, the circuit court, because of his concern about trustworthiness of a party with an interest in the case, refused to allow Mrs. Hamilton to testify concerning her husband's statements to her concerning the accident. That same morning, the circuit court refused to allow the testimony of an accident scene witness because that witness' identity was not disclosed to the defense at least ten days before the trial as required by the pretrial order. Apparently, the accident scene witness would have testified about the road conditions, the condition of the tires on Ms. Ravasio's car and the statements Ms. Ravasio made shortly after the accident. Mr. Hamilton's motion to continue the trial for one month was again refused by the circuit court.

On September 4, 1991, the jury returned a verdict finding neither party negligent. After the circuit court refused to grant Mr. Hamilton a new trial, Mr. Hamilton appealed

---

1. Mr. Hamilton's automobile damages were paid separately and are not part of this case.

to this Court. On appeal Mr. Hamilton alleges that the circuit court erred by refusing to allow Mrs. Hamilton and the accident scene witness to testify and refusing to grant a continuance.

## I

Mr. Hamilton argues that his wife should have been allowed to testify about his statements to her concerning the automobile accident that he made sometime before his second employment accident. According to Mr. Hamilton, this hearsay testimony is admissible under the residual hearsay exceptions found in Rules 803(24) and 804(b)(5).

Rules 803(24) and 804(b)(5) of the *W.Va. Rules of Evidence* [1985][2] allow certain non-delineated exceptions to the hearsay prohibition if the statement has "equivalent circumstantial guarantees of trustworthiness" providing "the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts."

In this case, the circuit court found that Mrs. Hamilton, a party plaintiff until the beginning of the trial, "is in fact a party in interest [and] the trustworthiness of the testimony concerning what [sic] she has no personal knowledge would in fact be suspect." The circuit court did allow Mrs. Hamilton to read into evidence the narrative portion of the State Police accident report that was signed by Mr. Hamilton.[3]

In *State v. James Edward S.*, 184 W.Va. 408, 414, 400 S.E.2d 843, 849 (1990) (discussing exclusion of evidence required by the Confrontation Clause), we noted that *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980)'s "indicia of reliability" is required for all extrajudicial statements under the residual hearsay exceptions. *State v. James Edward S.* emphasized "the necessity of particularized guarantees of trustworthiness unless the out-of-court statement fell within one of the longstanding hearsay exceptions...." The particularized guarantee of trustworthiness "must come from the 'totality of the circumstances,' but these circumstances 'include only those that surround the making of the statement and that render the declarant particularly worthy of belief.'" *State v. James Edward S.*, 184 W.Va. at 414–15, 400 S.E.2d at 849, 850 (quoting *Idaho v. Wright*, 497 U.S. 805, 819, 110 S.Ct. 3139, 3148, 111 L.Ed.2d 638, 655 (1990)). "[T]he trustworthiness of the out-of-court statement must be so apparent from the relevant circumstances that 'cross examination would be of marginal utility.' [*Idaho v. Wright*, 497] U.S. at [820], 110 S.Ct. at 3149, 111 L.Ed.2d at 655." *State v. James Edward S.*, 184 W.Va. at 415, 400 S.E.2d at 850.

Although this is a civil case, the residual hearsay exception clauses still require "guarantees of trustworthiness," which were summarized in Syl. pt. 5, *State v. Smith*, 178 W.Va. 104, 358 S.E.2d 188 (1987):

> The language of Rule 804(b)(5) of the West Virginia Rules of Evidence and its counterpart in Rule 803(24) requires that five general factors must be met in order for hearsay evidence to be admissible under the rules. First and most important is

---

**2.** The "Other Exceptions" sections of Rules 803 and 804 were amended in 1994, by substituting "the proponent's" for "his" in each section's latter part. Rule 803(24) [1985] stated:

> *Other Exceptions.*—A statement not specifically covered by any of the foregoing exceptions but *having equivalent circumstantial guarantees of trustworthiness*, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted

under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, his intention to offer the statement and the particulars of it, including the name and address of the declarant. [Emphasis added.]

Except for a comma omitted before "his", Rule 804(b)(5) [1985] contains the same provisions as Rule 803(24) [1985].

**3.** Ms. Ravasio notes that the parties agreed that she slid onto Mr. Hamilton's side of the road and into his car. At Ms. Ravasio's request the jury was given an "unavoidable accident" instruction, which was not objected to or appealed by Mr. Hamilton.

the trustworthiness of the statement, which must be equivalent to the trustworthiness underlying the specific exceptions to the hearsay rule. Second, the statement must be offered to prove a material fact. Third, the statement must be shown to be more probative on the issue for which it is offered than any other evidence the proponent can reasonably procure. Fourth, admission of the statment [sic] must comport with the general purpose of the rules of evidence and the interest of justice. Fifth, adequate notice of the statement must be afforded the other party to provide that party a fair opportunity to meet the evidence.

*In accord* Syl. pt. 3, *State v. Dillon,* 191 W.Va. 648, 447 S.E.2d 583 (1994); Syl. pt. 11, *TXO Production v. Alliance Resources Corp.,* 187 W.Va. 457, 419 S.E.2d 870 (1992), *aff'd,* — U.S. —, 113 S.Ct. 2711, 125 L.Ed.2d 366 (1993); Syl. pt. 6, *State v. Edward Charles L.,* 183 W.Va. 641, 398 S.E.2d 123 (1990). *See also State v. Walker,* 188 W.Va. 661, 670, 425 S.E.2d 616, 625 (1992).

■ Generally, a circuit court's ruling on the admission of evidence will not be disturbed on appeal unless an abuse of discretion is shown. Syl. pt. 4, *State v. Ashcraft,* 172 W.Va. 640, 309 S.E.2d 600 (1983) states:

"The action of a trial court in admitting or excluding evidence in the exercise of its discretion will not be disturbed by the appellate court unless it appears that such action amounts to an abuse of discretion." Syllabus Point 10, *State v. Huffman,* 141 W.Va. 55, 87 S.E.2d 541 (1955).

*See* Syl. pt. 9, *TXO Production.*

■ In this case, the circuit court was concerned about the "trustworthiness" of Mr. Hamilton's extrajudicial statements. The circuit court focused not on the declarant, Mr. Hamilton, but on Mrs. Hamilton, the reporter of Mr. Hamilton's statements, who did have an interest in this suit. Moreover, the record does not demonstrate any circumstances that would "render the declarant particularly worthy of belief." *State v. James Edward S.* 184 W.Va. at 45, 400 S.E.2d at 850 (quoting *Idaho v. Wright,* 497 U.S. at 819, 110 S.Ct. at 3148, 111 L.Ed.2d at 655). Given the evidence, we find that the circuit court

did not abuse his discretion in refusing to allow Mrs. Hamilton to testify concerning the automobile accident statements her husband made to her sometime before his employment accident.

## II

■ Mr. Hamilton also argues that the circuit court erred in not granting a continuance. Our long standing rule is that the granting or denying of a continuance is left to the sound discretion of the circuit court. Syl. pt. 2, *State v. Bush,* 163 W.Va. 168, 255 S.E.2d 539 (1979), states:

A motion for continuance is addressed to the sound discretion of the trial court, and its ruling will not be disturbed on appeal unless there is a showing that there has been an abuse of discretion.

*See* Syl., *State v. Wilkinson,* 181 W.Va. 126, 381 S.E.2d 241 (1989) (per curiam); Syl. pt. 1, *State v. Schrader,* 172 W.Va. 1, 302 S.E.2d 70 (1982); Syl. pt. 1, *State v. Jones,* 84 W.Va. 85, 99 S.E. 271 (1919).

■ The determination of what constitutes an abuse of discretion must be made on a case-by-case basis. In Syl. pt. 3, *State v. Bush, supra,* we stated:

Whether there has been an abuse of discretion in denying a continuance must be decided on a case-by-case basis in light of the factual circumstances presented, particularly the reasons for the continuance that were presented to the trial court at the time the request was denied.

In this case, Mr. Hamilton twice sought to continue the trial; his first motion was based on his memory loss and his second motion was based on the consequences of the circuit court's pretrial rulings.

In support of his first continuance, Mr. Hamilton submitted a brief letter dated July 16, 1991 in which Dr. Thagirisa, Mr. Hamilton's treating physician, wrote, "Mr. Hamilton would not be able to give an [sic] accurate testimony at this time." At the circuit court's request, Dr. Thagirisa was subpoenaed to an August 16, 1991 pretrial hearing where the doctor testified that Mr. Hamilton's memory loss and speech problems

would probably "be permanent since it has been more than one year since the [employment or second] accident." Dr. Thagirisa concluded that "he won't improve any more than what he is right now." Based on Dr. Thagirisa's testimony, the circuit court found no reason to continue the trial because Mr. Hamilton's memory loss would not improve.

Mr. Hamilton's second request for a continuance was made about two weeks later on the morning of trial, after the testimony of Mrs. Hamilton and the accident scene witness was barred.[4] Although Mr. and Mrs. Hamilton were aware of the accident scene witness' name, Mr. Hamilton's lawyer[5] did not disclose the witness' name until 7:30 a.m. on the morning of the jury trial. Because the accident scene witness was not identified timely to the defendants as required by the pretrial order, the circuit court refused to allow the accident scene witness to testify.[6] According to the avowal, the accident scene witness would have testified that the "road surface where the accident occurred was wet ... [with] some slush along the roadway" and that Ms. Ravasio "was crying because of the accident and she admitted that the accident was her fault." Mr. Hamilton's brief indicates that the accident scene witness also noticed the poor condition of Ms. Ravasio's tires.

■ Mr. Hamilton argues that the circuit court should have granted his first motion for a continuance under the absent witness standards set forth in *Hutchinson v. Montgomery Memorial Park Corp.*, 128 W.Va. 419, 36 S.E.2d 889 (1946).[7] However, Mr. Hamilton

does not meet those standards because, according to Mr. Hamilton's physician, Mr. Hamilton's condition is unlikely to improve. Based on the projected lack of improvement, we find that the circuit court did not abuse his discretion in refusing to grant Mr. Hamilton's first motion for a continuance.

■ However, we find that the circuit court should have granted Mr. Hamilton's second request for a continuance because of the consequences of the pretrial rulings, which taken as a whole eviscerated Mr. Hamilton's case.

One of the management tools available to a circuit court under Rule 16(c) of *WVRCP* [1992] is the pretrial conference, which may "consider and take action with respect to: ... (5) The identification of witnesses...." Subsection (e) of Rule 16 requires an order based on the pretrial conference and states that "[t]his order shall control the subsequent course of the action unless modified by a subsequent order. The order following a final pretrial conference shall be modified *only to prevent manifest injustice.* [Emphasis added.]"

In this case the late disclosure of the accident scene witness was one of several last minute events before the September 4, 1991 trial. In mid-August, the circuit court denied the first motion for a continuance, on the morning of trial, Mrs. Hamilton's testimony was barred and then the accident scene witness's testimony was barred. Although we agree that the late disclosure of the accident scene witness would have disadvantaged the defense if the trial had proceeded imme-

---

4. *See supra,* part I for a discussion of Mrs. Hamilton's testimony.

5. During the proceedings below, Mr. Hamilton was represented by Gregory T. Hinton. After Mr. Hinton petitioned this Court for an appeal, he was replaced by Mr. Beveridge who filed a brief and presented an oral argument for Mr. Hamilton.

6. The July 8, 1991 pretrial order said "that if additional witnesses are used by either of the parties, the name, address, and telephone number of such witness must be furnished to opposing counsel at least ten (10) days before the trial date." The pretrial order also said that "all pretrial [sic] motions must be filed ten (10) days prior to the trial of this case."

7. *Hutchinson v. Montgomery Memorial Park Corp.*, 128 W.Va. at 424–25, 419, 36 S.E.2d at 891–92, said:

Where a motion for a continuance is made on the ground that a material witness is absent, it is necessary to show that the party moving for the continuance has used due diligence to procure the attendance of the witness; that the testimony of the witness is material; that the same facts cannot be proved by any other witness in attendance; that the movant cannot safely go to trial in the absence of such witness; and that *there is likelihood of procuring the attendance of the witness, or his deposition, if the case is continued.* [Citations omitted.] [Emphasis added.]

diately with his testimony, the circuit court should have continued the trial which would have preserved the rights of both parties. With a continuance, Mr. Hamilton could give timely notice identifying the accident scene witness and the defense would have adequate time to prepare for that testimony.

This case is extraordinary because of Mr. Hamilton's loss of memory and we find that the circuit court abused his discretion in failing to consider the circumstances at the time of Mr. Hamilton's second motion for a continuance. At that time, the only option that insured both parties a "just, speedy and inexpensive determination" (Rule 1 of WVRCP [1967]) was to continue the case.

For the above stated reasons, the decision of the Circuit Court of Marion County is reversed and the case is remanded for further proceedings consistent with this opinion.

Reversed and Remanded.

BROTHERTON, C.J., did not participate.

MILLER, Retired J., sitting by temporary assignment.