474 S.E.2d 180

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Andrew L. SNIDER, Defendant Below, Appellant.**

No. 23120.

Supreme Court of Appeals of West Virginia.

Submitted May 2, 1996.

Decided May 17, 1996.

**514**

Scott E. Johnson, Assistant Attorney General, Charleston, for Appellee.

Kelly Elswick, Loren B. Howley, Howley & Venezia, L.C., Grantsville, for Appellant.

PER CURIAM.

This is an appeal by the defendant, Andrew L. Snider, from three misdemeanor convictions. The defendant was convicted by a jury in the magistrate court of Calhoun County of first offense driving under the influence of alcohol, in violation of W.Va. Code, 17C–5–2(d) (1994), and sentenced to twenty-four hours confinement and fined $100. He was also convicted of two counts of obstructing an officer, in violation of W.Va. Code, 61–5–17 (1923), and sentenced to ninety days confinement on each count, with sentences to run concurrently, and fined $100 on each count. The defendant appealed the convictions to the circuit court, which affirmed. The sole issue presented to this Court on appeal is whether the circuit court committed error in not reversing the convictions and granting a new trial based upon the magistrate court's denial of defendant's pretrial motion for continuance.[1] Based upon

---

1. The defendant's petition for appeal cited five assignments of error, however, the Court has limited the appeal to the issue presented herein.

our review of the record, we discern no basis for reversal.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

On September 11, 1994, at about 7:00 p.m., the defendant and his nephew, Richard Alderman ("Alderman"), arrived at a tavern located off Route 16, in the town of Stinson, called Stinson Bar. The defendant testified that while at the bar he drank two cans of beer. At around 8:00 p.m. the defendant and Alderman left the bar in the defendant's car. The defendant testified that when they got about a mile away from the bar, he lost control of his car while negotiating a sharp turn in the road. The defendant's vehicle ended up in a ditch along side the road. No injuries resulted from the accident. Within minutes of the accident, two state trooper cruisers arrived at the scene. One of the cruisers was driven by Trooper D. Starcher, who had as a passenger, Calhoun County Deputy Sheriff R. Postalwait. The other cruiser was driven by Trooper T. Yanero, who had as passengers, an unnamed probationary trooper and an arrested felony suspect.[2] The officers testified that when they stopped at the accident site, the defendant was behind the wheel of the vehicle trying to drive his car out of the ditch.[3] Alderman was standing outside the vehicle. As Trooper Starcher and Deputy Postalwait approached the defendant's car, the defendant proceeded to get out of the vehicle. The officers testified that when the defendant exited his car he staggered. Trooper Starcher and Deputy Postalwait testified that when they questioned the defendant about what happened he spoke in a slurred speech, a strong odor of alcohol was on his breath, and his eyes were glassy. The officers testified that based on their training and experience, the defendant appeared to be drunk. The defendant asked if he could smoke, and was told that he could not because the officers wanted him to undergo a field sobriety test. The officers testified that the defendant then reached into his car, pulled out a pack of cigarettes, and placed several in his mouth at the same time. Trooper Starcher informed the defendant he was not allowed to smoke during their attempt to engage him in a field sobriety test. The defendant became vocally combative in refusing to take the field sobriety test and began cursing at the officers. Trooper Starcher then informed the defendant he was under arrest. Trooper Yanero and Deputy Postalwait testified that as Trooper Starcher went to place handcuffs on the defendant, the defendant struck Trooper Starcher in the chest. Trooper Yanero asked the defendant to calm down, but the defendant continued to be vocally combative. Trooper Yanero then took out his Capstun pepper spray and used it on the defendant.[4] As the officers approached the defendant to handcuff him, the defendant ran towards the hillside and began shouting for Alderman.[5]

2. The law enforcement officers had executed a felony arrest warrant and were en route to the Calhoun County Courthouse to have the suspect presented to a judicial officer.

3. The unnamed probationary trooper did not testify at the trial.

4. Trooper Starcher gave the following testimony regarding use of the pepper spray:

Q. What happened then?
A. When I attempted to arrest him, asked him to place his hands upon the hood of the car, and the subject was still yelling and stating things and shoved me back with his arm. At that time Trooper Yanero told me to step back.
Q. I'm sorry I missed that. What did you say?
A. He shoved me.
Q. How did he shove you?
A. With his arm. He was turned to the side of me and shoved me with his arm.
Q. Okay.
A. Trooper Yanero asked me to step back. When I stepped back Trooper Yanero told him to calm down and the subject was still pretty much outraged so Trooper [Yanero] used Capstun.
Q. Used what?
A. Capstun.
Q. What's that?
A. It's a tool that they have [given] us so we don't necessarily have to use force against them. It's a chemical.

5. At the trial the defendant gave a different version of what happened. The defendant testified that he was standing by his car when Trooper Starcher approached him and asked him what was in his car. The defendant testified that when he turned to see what was in his car, "one"

Troopers Yanero and Starcher ran after and caught the defendant. As the defendant was being subdued, Alderman ran towards the two officers in an apparent attempt to prevent the arrest of the defendant. Trooper Yanero took out his Capstun pepper spray and used it to bring Alderman to an effective halt. Alderman was arrested and charged with obstructing an officer. The defendant was arrested and charged with first offense DUI and two counts of obstructing an officer.

The defendant's jury trial was scheduled in magistrate court for December 21, 1994. On December 19, 1994, counsel for the defendant filed a motion to continue the trial due to the unavailability of Alderman, a purported material witness. The record does not contain an express ruling by the magistrate on the issue, as it apparently was not argued on the record as were other pretrial motions that were made on the day of the trial.[6] The defendant contends that the motion was denied on the day of the trial. The state called Troopers Yanero and Starcher and Deputy Postalwait as witnesses at the trial. The defendant was the only witness to testify on his behalf. The jury convicted the defendant of all three charges, and he was sentenced according to law by the magistrate court. The defendant appealed the convictions to circuit court.[7] The pertinent ground for reversal raised by the defendant in circuit court was that the magistrate court committed error in denying his motion to continue. The circuit court, in affirming the magistrate court, found that the motion filed by the defendant failed to state when Alderman

would be available, that the motion was not filed within the time period required by Rule 12(b)(1) of the Rules of Criminal Procedure for Magistrate Courts,[8] and that the defendant failed to subpoena Alderman.

## II.

## ANALYSIS

The single issue presented on this appeal is whether the circuit court properly affirmed the magistrate court's denial of the defendant's motion for continuance. Whether a party should be granted a continuance is a matter left to the discretion of the trial judge, and a reviewing court plays a limited and restricted role in overseeing the lower court's exercise of that discretion.[9] See In the Interest of Tiffany Marie S., 196 W.Va. 223, 470 S.E.2d 177 (1996); Wallis v. Wallis, 196 W.Va. 49, 468 S.E.2d 181 (1996). In Syllabus Point 2 of Nutter v. Maynard, 183 W.Va. 247, 395 S.E.2d 491 (1990), we held that:

" 'It is well settled as a general rule that the question of continuance is in the sound discretion of the trial court, which will not be reviewed by the appellate court, except in case it clearly appears that such discretion has been abused.' Syl. Pt. 1, Levy v. Scottish Union & National Ins. Co., 58 W.Va. 546, 52 S.E. 449 (1905)."

See, Syl. Pt. 3, Hamilton v. Ravasio, 192 W.Va. 183, 451 S.E.2d 749 (1994); Syllabus, State v. Wilkinson, 181 W.Va. 126, 381 S.E.2d 241 (1989); Syl. Pt. 3, State v. McCal-

---

of the officers began spraying him in the face with the pepper spray. The defendant testified that he was then thrown to the ground where "one" of the officers continued to spray his face with pepper spray. Obviously, the jury gave no credence to this version of events.

6. Pursuant to Rule 17(d) of the Rules of Criminal Procedure for Magistrate Courts, "[e]very jury trial [is] recorded electronically by a magistrate."

7. The defendant was out on bond pending disposition of his circuit court appeal. The appeal in circuit court was heard on March 31, 1995. The defendant's bond was revoked after the circuit court affirmed the convictions. This Court granted defendant's summary petition for post-conviction bail pending this appeal on April 18, 1995.

8. Under Rule 12(b)(1), a motion for continuance must be filed not less than seven days before trial.

9. As a trial court, the magistrate has inherent authority to control cases before it, provided it exercises its power in a manner that is in harmony with the rules and laws of this Court and with the supervisory authority of the circuit court. We review any trial court's decision in its management of a trial for an abuse of discretion. In matters of trial procedure and docket control, as that involved here, the magistrate is entrusted with wide discretion because he or she is in a far better position than we to appraise the effect of a particular procedural problem on the parties.

*lister,* 178 W.Va. 77, 357 S.E.2d 759 (1987); Syl. Pt. 4, *State v. Milam,* 159 W.Va. 691, 226 S.E.2d 433 (1976). We noted recently that "the test for deciding whether the [trial court] abused its discretion is not mechanical; it depends on the reasons presented to the [trial] court at the time the request was made." *Tiffany Marie S.,* 196 W.Va. at 235, 470 S.E.2d at 189. In Syllabus Point 4 of *Hamilton,* we said that:

> " 'Whether there has been an abuse of discretion in denying a continuance must be decided on a case-by-case basis in light of the factual circumstances presented, particularly the reasons for the continuance that were presented to the trial court at the time the request was denied.' Syl. pt. 3, *State v. Bush,* 163 W.Va. 168, 255 S.E.2d 539 (1979)."

This rule applies with equal force in cases of this nature. We held in Syllabus Point 1 of *State v. Chaffin,* 156 W.Va. 264, 192 S.E.2d 728 (1972), that "[a] motion for a continuance based on the absence of a material witness is addressed to the sound discretion of the trial court, and its ruling on such motion will not be disturbed unless it is clearly wrong and it appears that such discretion has been abused." *See State v. Sheppard,* 172 W.Va. 656, 675, 310 S.E.2d 173, 193 (1983).

■ In addition to the above, we have carved out specific guidelines when dealing with requests for continuances based upon an unavailable witness. In Syllabus Point 4 of *McCallister* we articulated four criteria that must be met by a party seeking a continuance on the grounds that a material witness is unavailable:

> "A party moving for a continuance due to the unavailability of a witness must show: (1) the materiality and importance of the witness to the issues to be tried; (2) due diligence in an attempt to procure the attendance of the witness; (3) that a good possibility exists that the testimony will be secured at some later date; and (4) that the postponement would not be likely to cause an unreasonable delay or disruption in the orderly process of justice."

*See* Syl. pt. 4, *State v. Cole,* 180 W.Va. 412, 376 S.E.2d 618 (1988). We will now proceed to review the *McCallister* test in light of the facts presented in the lower courts.

The circuit court based its decision to affirm the magistrate court's ruling on the continuance issue on three findings: (1) the defendant failed to subpoena Alderman, (2) the motion filed by the defendant failed to state when Alderman would be available, and (3) the motion was not filed within the time period required by Rule 12(b)(1) of the Rules of Criminal Procedure for Magistrate Courts.[10]

■ Under the first requirement of *McCallister,* it was incumbent upon the defendant, in seeking a continuance, to show the materiality and importance of Alderman's proposed testimony to the issues in the defendant's case. We addressed this issue squarely in *Wilkinson.* The defendant in that case was convicted of DUI, second offense, by a jury after being denied a continuance premised upon the unavailability of a material witness. The material witness in *Wilkinson* was a physician who was expected to rebut testimony by the arresting officer regarding a breathalyzer test that was given to the defendant. The defendant in that case failed to inform the trial court of the nature of the testimony the physician was to give. We found this, among other factors, to be a critical omission in the defendant's effort to obtain a continuance. In affirming the trial court's denial of the continuance, we stated succinctly:

> "If the facts upon which the motion for continuance is based are not before the court, the party seeking the continuance must support his motion by sufficient affidavit showing such facts. Mere conclusory statements by the affiant without more are not sufficient."

*Wilkinson,* 181 W.Va. at 129, 381 S.E.2d at 244. (Citations omitted.)

In the instant proceeding, the motion filed by the defendant before the magistrate court stated the following:

> "[U]navailability of a material witness, co-defendant Rick Alderman, to testify, be-

---

**10.** The circuit court gave very little weight to the

Rule 12(b)(1) argument advanced by the state.

cause his attorney has a prior commitment in federal court on 12–21–94 and he needs his attorney to be present to protect his rights."

This terse statement could hardly be said to, in and of itself, inform the magistrate court of the substance of the testimony Alderman was expected to give. This being the so, it therefore became necessary for the defendant to provide an affidavit attesting to the expected testimony of Alderman. The defendant did not provide the magistrate court with such an affidavit. There is nothing in the record to indicate that the magistrate court was made aware in any manner of the nature of the expected testimony of Alderman. During the appeal before the circuit court the record again is consistent in not providing a clue as to what testimony Alderman was expected to provide. Instead, the defendant relied upon the conclusory statement, before the magistrate court and circuit court, that Alderman was a material witness. Nowhere in the defendant's brief or reply brief is this Court informed as to the nature of the expected testimony of Alderman. Was Alderman going to testify to one or both of the obstruction charges? Was Alderman going to testify to the DUI charge? The questions can be multiplied many times over. We need not labor so dearly. The first prong of *McCallister* was not satisfied by the defendant.

■ The second requirement of *McCallister* is that the defendant must show due diligence in his attempt to procure Alderman as a witness. On the issue of due diligence, it has been said by the leading criminal procedure commentator in the state, that:

"[A] defendant who does not *subpoena a critical witness nor supply the court with an affidavit showing the unavailability of the witness* and the materiality of the witness' testimony has not demonstrated the necessary due diligence to get a continuance."

II Franklin D. Cleckley, *Handbook on Criminal Procedure for West Virginia Lawyers*, II–35 (2d ed. 1993). (Emphasis added.) The defendant's counsel has conceded that she did not cause a subpoena to be issued against Alderman. Counsel for the defendant argues that she did not believe it would be necessary to have a subpoena issued because Alderman and the defendant were related and they were neighbors. This argument rings hollow not only because of the necessity for issuing a subpoena, *Chaffin,* 156 W.Va. at 266–267, 192 S.E.2d at 730, but because of the fact that Alderman refused to attend court, even though he is related to the defendant and is a neighbor of the defendant. The motion filed by the defendant indicated that Alderman was "unavailable" because his attorney had a prior commitment in federal court on the day of defendant's trial. We stated in *State v. Davis,* 176 W.Va. 454, 461, 345 S.E.2d 549, 556 (1986) that "[t]he question of granting a continuance because counsel for the accused is engaged in another court in the trial of a case rests largely in the sound judicial discretion of the trial court[.]" (Citations omitted.) In the instant case, it was not the defendant's counsel who had a prior commitment in another court; it was the attorney for a "witness" who was not able to be present at defendant's trial. Clearly *Davis* extends even greater discretion to the situation presented in this case. The State argues, and we agree, that Alderman in fact was not "unavailable". The State contends that if a subpoena had been issued Alderman would have appeared at the trial and that any concerns regarding self-incriminating statements by him could have been remedied by appointing him an attorney for the purpose of the trial. The second prong of *McCallister* was not satisfied by the defendant.

■ The third requirement under *McCallister* made it incumbent upon the defendant to show that there was a good possibility that Alderman would be available to testify at some later date. In *State v. Burdette,* 135 W.Va. 312, 63 S.E.2d 69 (1950), the defendant was sentenced to die and assigned as error, among other things, the trial court's refusal to grant a continuance due to the unavailability of a material witness. One of the factors we found fatal to the defendant's continuance argument, was the fact that he failed to inform the trial court that the witness' testimony "would probably be produced at a future trial." *Id.,* 135 W.Va. at 330, 63 S.E.2d at 80. The defendant's motion before the

magistrate court did not inform the magistrate of when Alderman might be available to testify. At the hearing before the circuit court the defendant was unable to say when Alderman would make himself available. The third prong of *McCallister* was not satisfied by the defendant.

The final requirement under *McCallister* is that the defendant must show that a continuance would not likely cause an unreasonable delay or disruption in the orderly process of justice. Rule 12(b)(1) of the Rules of Criminal Procedure for Magistrate Courts provides that a motion for continuance must be filed at least seven days before the start of a trial. This rule has a purpose: to prevent unreasonable delay or disruption in criminal cases in magistrate courts. The defendant argues that he could not comply with Rule 12(b)(1) because he was not aware that Alderman would be unavailable for trial until two days before the start of trial. Assuming that the defendant had satisfied all the other requirements of *McCallister*, we cannot say that Rule 12(b)(1) is so inflexible as not to allow the defendant to move for a continuance at the point and under the circumstances in which it was made. This assumption, however, is of no value here because the evidence was contrary.

■ In conclusion, we find that the record before us and as developed by counsel below does not indicate an abuse of discretion. Here, the balance tilts against the defendant and we find the reasons for denying the continuance adequate to justify the decision. Again, as we stated in *Tiffany Marie S.*, 196 W.Va. at 236, 470 S.E.2d at 190:

> In the final analysis, it is the [trial] court that is in the best position to reweigh competing interests in deciding whether to grant a continuance or postponement. An appellate court looks primarily to the persuasiveness of the trial court's reasons for refusing the continuance and gives due regard not only to the factors that inform our opinion but also to its superior point of vantage. We may not reweigh the grounds afresh and, absent an abuse of discretion, the decision of the [trial] court

to reject a request for a continuance will not be overturned by an appellate court.

We realize that the record before the magistrate court was indeed sparse, and had there been a better record of the proceedings in magistrate court our decision may have been different. We, however, are obligated to rule based upon the record brought to us by the parties and speculation as to what may have taken place is not properly before this Court. *See* W.Va.Code, 58–5–24 (1923) (prohibiting this Court from hearing oral evidence); *Maxwell v. Maxwell*, 67 W.Va. 119, 67 S.E. 379 (1910) (this Court will deal only with evidence taken below and brought to this Court for purposes of review). Our decision today does not in any way prohibit the defendant from seeking a writ of habeas corpus, assuming such grounds exist. Accordingly, we affirm the judgment of the Circuit Court of Calhoun County.

Affirmed.