591 S.E.2d 304

**STATE of West Virginia ex rel. J.B. REES, Petitioner,**

v.

**The Honorable John W. HATCHER, Jr., Judge of the Circuit Court of Fayette County, Respondent.**

No. 31555.

Supreme Court of Appeals of West Virginia.

Submitted Nov. 18, 2003.

Decided Dec. 4, 2003.

---

Davis, J., filed dissenting opinion.

748

J.B. Rees, Pro se, Public Defender Corporation, Fayetteville, for Petitioner.

John M. Hedges, Esq., Byrne & Hedges, Morgantown, for Respondent.

PER CURIAM.

The petitioner J.B. Rees seeks a writ of prohibition to prohibit the Honorable Judge John W. Hatcher of the Circuit Court of Fayette County from enforcing an order assessing the costs of the jury panel against the petitioner personally.

I.

The petitioner, J.B. Rees, serves as the Chief Public Defender of the Public Defender Corporation for the Twelfth Judicial Circuit.

Judge Hatcher appointed the petitioner to represent a criminal defendant accused of two felonies and two misdemeanors. The circuit court set the defendant's case for trial on June 25, 2003.

On the morning of June 25, 2003, as prospective jurors arrived in the courtroom, Judge Hatcher heard pretrial matters in an anteroom. Judge Hatcher asked the criminal defendant whether he was satisfied with his counsel, the petitioner. The defendant responded that he was not satisfied with the petitioner because the defendant felt that the petitioner had not spent enough time working on the defendant's case. The defendant felt that more time was needed to prepare because the petitioner had declined to interview at least one prospective witness that the defendant wanted the petitioner to interview.

Noting that for the second time in as many days that an indigent criminal defendant had complained about the adequacy of representation provided by the public defender's office, Judge Hatcher continued the defendant's trial *sua sponte* without seeking any additional information from the petitioner, and assessed the costs of the jury panel against the petitioner personally in the amount of $1,383.31.

The judge entered an order on the same day continuing the defendant's case and assessing jury costs to the petitioner. Judge Hatcher found that "to force the Defendant to trial upon an indictment charging two felonies and two misdemeanors, under the aforementioned circumstances, would be improper and a denial of the Defendant's right to have the effective assistance of competent counsel."

The petitioner then filed a motion for reconsideration[1] on June 27, 2003, with the circuit court, asking that the proceedings be stayed, and that the circuit court grant the petitioner an evidentiary hearing.

On June 30, 2003, Judge Hatcher, without affording the petitioner a hearing, denied the petitioner's motion for reconsideration, but granted the petitioner a stay of the order to allow the petitioner an opportunity to seek a writ of prohibition from this Court.

1. The petitioner failed to allege any grounds in support of his motion for reconsideration.

On September 10, 2003, this Court issued a rule to show cause why a writ of prohibition should not be granted.

## II.

■ "In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight." Syllabus Point 4, *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996).

■ Circuit courts have the inherent power to do all things necessary for the administration of justice within the scope of their jurisdiction. *Daily Gazette Company, Inc. v. Canady*, 175 W.Va. 249, 251, 332 S.E.2d 262, 264 (1985). In Syllabus Point 3 of *Shields v. Romine*, 122 W.Va. 639, 13 S.E.2d 16 (1940), this Court held that: "[a] court 'has inherent power to do all things that are reasonably necessary for the administration of justice within the scope of its jurisdiction.' 14 Am. Juris., Courts, section 171."

■ Included within the circuit court's inherent power is the power to sanction. "[A]trial court has inherent power to impose

sanctions as a part of its obligation to conduct a fair and orderly trial." *Prager v. Meckling*, 172 W.Va. 785, 789, 310 S.E.2d 852, 856 (1983) (upholding the circuit court's right to sanction a party for failing to supplement its discovery responses).

■ However, the circuit court's inherent power to sanction is leavened by the equitable principles of due process. "[B]efore issuing a sanction, a court must ensure it has an adequate foundation either pursuant to the rules or by virtue of its inherent powers to exercise its authority. The Due Process Clause of Section 10 of Article III of the West Virginia Constitution requires that there exist a relationship between the sanctioned party's misconduct and the matters in controversy such that the transgression threatens to interfere with the rightful decision of the case. Thus, a court must ensure any sanction imposed is fashioned to address the identified harm caused by the party's misconduct." Syllabus Point 1, in part, *Bartles v. Hinkle*, 196 W.Va. 381, 472 S.E.2d 827 (1996).

■ "In formulating the appropriate sanction, a court shall be guided by equitable principles. Initially, the court must identify the alleged wrongful conduct and determine if it warrants a sanction. The court must explain its reasons clearly on the record if it decides a sanction is appropriate. To determine what will constitute an appropriate sanction, the court may consider the seriousness of the conduct, the impact the conduct had in the case and in the administration of justice, any mitigating circumstances, and whether the conduct was an isolated occurrence or was a pattern of wrongdoing throughout the case." Syllabus Point 2, *Bartles v. Hinkle*, 196 W.Va. 381, 472 S.E.2d 827 (1996).[2]

Previously, we have observed that "[i]n failing to accord Appellant's counsel an opportunity to respond to the lower court's basis for assessing fees and costs, the most basic of all protections inherent to our judicial system ha[ve] been violated." *Czaja v.*

---

**2.** Although this Court decided *Bartles v. Hinkle* under the *West Virginia Rules of Civil Procedure*,

the same equitable principles apply in this case.

*Czaja,* 208 W.Va. 62, 76, 537 S.E.2d 908, 922 (2000) (reversing the circuit court's assessment of attorney's fees without allowing the suffering party to argue the reasonableness of the sanctions). Quoting *State ex rel. Dodrill v. Egnor,* 198 W.Va. 409, 481 S.E.2d 504 (1996), this Court in *Czaja v. Czaja* noted that "ordinarily a party about to be sanctioned is given an opportunity to explain the default or to argue for a lesser penalty." 208 W.Va. at 76, 537 S.E.2d at 922 (internal citations omitted).

The petitioner argues that Judge Hatcher sanctioned the petitioner without providing the petitioner with an opportunity to explain his actions. The record below shows that Judge Hatcher failed to provide the petitioner with an opportunity to respond to the assessment of sanctions.[3]

This Court recognizes and applauds Judge Hatcher's right and desire to run an efficient courtroom. We also applaud Judge Hatcher's efforts to protect the rights of criminal defendants. However, in Judge Hatcher's zeal to protect the rights of a criminal defendant, he failed to provide the petitioner with an opportunity to explain his actions. We further find that the sanction of assessing jury costs against the petitioner in the instant case is inappropriate.[4]

### III.

Therefore, we grant the petitioner's writ and prohibit the assessment of jury costs against the petitioner.

Writ Granted.

Justice DAVIS dissents and reserves the right to file a dissenting opinion.

DAVIS, J., dissenting.

The majority has concluded that Judge Hatcher acted improperly when he sanctioned the petitioner without providing an opportunity to be heard and by assessing jury costs against the petitioner. I respectfully dissent from the majority opinion. We have recognized that "[t]rial courts have the inherent power to manage their judicial affairs that arise during proceedings in their courts, which includes the right to manage their trial docket[,]" Syl. pt. 2, *B.F. Specialty Co. v. Charles M. Sledd Co.,* 197 W.Va. 463, 475 S.E.2d 555 (1996), and that "[w]e review any trial court's decision in its management of a trial for an abuse of discretion." *State v. Snider,* 196 W.Va. 513, 516 n. 9, 474 S.E.2d 180, 183 n. 9 (1996) (per curiam). Here, Mr. Rees never articulated to Judge Hatcher what information a hearing would produce that could show Judge Hatcher's sanction to be wrong. Thus, I cannot conclude that Judge Hatcher's rulings in this case rise even to the level of a simple abuse of discretion, much less the higher threshold required to issue a writ of prohibition. *See, e.g.,* Syl. pt. 2, *State ex rel. Peacher v. Sencindiver,* 160 W.Va. 314, 233 S.E.2d 425 (1977) ("A writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court. It will only issue where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers. *W. Va.Code,* 53–1–1."). For these reasons, I respectfully dissent.

---

**3.** Perhaps had the petitioner argued as eloquently in his motion to reconsider as he did in front of this Court, Judge Hatcher might have reconsidered the assessing of sanctions.

**4.** The circuit court has the option to fashion a less-severe sanction against the petitioner.