# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **J.F. and T.F.**

**No. 18-0082** (Monongalia County 16-JA-65 and 66)

**FILED**

**June 11, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother T.G., by counsel Ashley V. Williams-Hunt, appeals the Circuit Court of Monongalia County's December 22, 2017, order terminating her custodial rights to J.F. and T.F.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), DeAndra Burton, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her custodial rights without first granting a continuance of the proceedings and giving her a meaningful opportunity to be heard.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 23, 2016, the DHHR filed a petition alleging that petitioner abused and neglected the children due to her chronic substance abuse and failure to provide them with safe housing. The DHHR alleged that petitioner had a history of Child Protective Services intervention in West Virginia and Pennsylvania. On September 9, 2016, the circuit court held a preliminary hearing, which petitioner waived. On September 30, 2016, the circuit court held an adjudicatory hearing at which the DHHR presented evidence that petitioner abused substances while caring for the children. Based on this evidence, petitioner was adjudicated as an abusing parent. On October 12, 2016, the circuit court granted petitioner's motion for a post-adjudicatory improvement period.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

The circuit court held a dispositional hearing in April of 2017 and another in May of 2017, both of which were continued. On July 12, 2017, the circuit court held a dispositional hearing and granted petitioner's motion for a post-dispositional improvement period and continued the hearing. On October 12, 2017, the circuit court held a dispositional hearing at which counsel for petitioner requested a continuance due to petitioner's hospitalization. The circuit court did not rule on petitioner's motion to continue, but rescheduled the dispositional hearing.

On November 27, 2017, the circuit court held a final dispositional hearing which petitioner did not attend, but was represented by counsel. Counsel did not move for a continuance of the hearing. Prior to the dispositional hearing, the guardian filed a report wherein she recommended that the circuit court grant petitioner a "disposition five" pursuant to West Virginia Code § 49-4-604(b)(5). According to the guardian's report, petitioner was admitted to Ruby Memorial Hospital to receive treatment for a brain condition. The report also explained that petitioner failed to comply with the terms of her improvement period, as she missed circuit court hearings, multidisciplinary treatment ("MDT") team meetings, visits with the children, and failed to maintain stable housing throughout the proceedings. The guardian also reported that petitioner failed to provide verification of any substance abuse treatment or counseling. The circuit court terminated petitioner's custodial rights and ordered the children to remain in the custody of their father. The circuit court found that petitioner was "unlikely to recover medically to such a point where she could potentially take custody of the children anytime in the near future" and granted petitioner supervised visitation. Ultimately, the circuit court terminated petitioner's custodial rights in its December 22, 2017, order.[2] It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

---

[2]According to the parties, the children are in the full custody of their non-abusing father.

Syl. Pt. 1, *In re Cecil T*., 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in terminating her custodial rights. We disagree. Pursuant to West Virginia Code § 49-4-604(b)(6) circuit courts are to terminate custodial rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare.[3] West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]"

Here, the record indicates that petitioner was unable to care for the children's needs due to her hospitalization and failure to maintain stable housing during the proceedings. Petitioner also failed to attend circuit court hearings, MDT meetings, and visits with the children. She also neglected to provide the circuit court with verification of any substance abuse treatment. Based on this evidence, it is clear that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination of her custodial rights was in the children's best interest. Therefore, we find no error in the circuit court's termination of petitioner's custodial rights.

Next, petitioner argues that the circuit court erred in denying her a continuance of the proceedings. We disagree. We have held that "[w]hether a party should be granted a continuance is a matter left to the discretion of the trial judge, and a reviewing court plays a limited and restricted role in overseeing the lower court's exercise of that discretion." *State v. Snider*, 196 W.Va. 513, 516, 474 S.E.2d 180, 183 (1996). Although petitioner moved for a continuance of the proceedings at the October 12, 2017, hearing due to her hospitalization, there is no evidence that she renewed this motion at the final dispositional hearing on November 27, 2017, or that she objected to the disposition of the proceedings. Therefore, we find that the circuit court did not abuse its discretion by denying petitioner a continuance of the proceedings.

Finally, petitioner argues that the circuit court violated her due process rights by denying her a meaningful opportunity to be heard at the dispositional hearing when it denied counsel's previous motion to continue. Due to said denial, petitioner claims that she was not afforded the opportunity to testify on her own behalf, present evidence, or cross-examine witnesses at the

---

[3]Although we agree with the outcome of the circuit court's decision, the circuit court erred in disposing of the case pursuant to West Virginia Code § 49-4-604(b)(5), which does not provide for termination of any rights, but provides for the children to be committed "temporarily to the care, custody, and control of the state department, a licensed private child welfare agency, or a suitable person who may be appointed guardian by the court." The proper disposition for termination of petitioner's custodial rights is under West Virginia Code § 49-4-604(b)(6).

dispositional hearing pursuant to West Virginia Code § 49-4-601(h).[4] However, as discussed above, petitioner fails to acknowledge that counsel did not renew her motion to continue at the final dispositional hearing. Further, petitioner was absent from the dispositional hearing, but does not assert that she was not provided with notice of the hearing. While it is true that parents are afforded an opportunity to be heard, petitioner's absence at the dispositional hearing did not violate this requirement. Petitioner offers no explanation for her absence and fails to recognize that the circuit court granted her multiple continuances of the dispositional hearing and rescheduled the hearing until it ultimately held the final dispositional hearing in November of 2017. Therefore, we find that petitioner is not entitled to relief in this regard.

For the foregoing reasons, we find no error in the decision of the circuit court, and its December 22, 2017, dispositional order is hereby affirmed.

Affirmed.

**ISSUED**:  June 11, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

Justice Loughry, Allen H., II suspended and therefore not participating.

---

[4]In support of this argument, petitioner also cites to *In re Darrien B.*, 231 W.Va. 25, 32 743 S.E.2d 333, 340 (2013), wherein this Court vacated and remanded a dispositional order terminating the mother's parental rights because the circuit court refused to allow her to call two witnesses to testify on her behalf at the dispositional hearing. However, unlike the mother in *Darrien B.* who was prohibited from calling witnesses, petitioner was not prohibited from calling witnesses at the dispositional hearing, but failed to attend the dispositional hearing and assert her right to call witnesses.