STATE OF WEST VIRGINIA

**Mark E. Davis and Tammy L. Davis,**
**Plaintiffs Below, Petitioners**

**FILED**
**April 9, 2015**
released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 14-0281** (Kanawha County 08-C-1058)

**Mike Rutherford, Sheriff of Kanawha County,**
**Vera McCormick, Clerk of County Commission of**
**Kanawha County, Rebuild America, Inc., and**
**REO America, Inc., Defendants Below,**
**and Huntington Bank, N.A., Intervenor Below,**
**Respondents**

## MEMORANDUM DECISION

Petitioner Mark E. Davis, appearing *pro se*, appeals the final order of the Circuit Court of Kanawha County entered February 18, 2014, which required him to pay attorney fees and costs to the respondent, Rebuild America, Inc. ("Rebuild"), as a sanction for discovery delays.[1] Rebuild appears by its counsel, James W. Lane, Jr.

This Court has considered the record on appeal, the parties' briefs, and their oral arguments. Upon our review, we believe that this case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision reversing the circuit court's order. For the reasons expressed below, the February 18, 2014, order is reversed and this matter is remanded for further proceedings.

Because we set forth an extensive rendition of the underlying facts herein in *Rebuild America, Inc. v. Davis*, 229 W.Va. 86, 726 S.E.2d 396 (2012) ("*Rebuild I*") and in our most recent opinion in *Rebuild America, Inc. v. Davis*, No. 14-0432 (April 9, 2015) ("*Rebuild II*"), we proceed with a summary of the facts here. This case arises from the

---

[1] Tammy L. Davis is also a party to this appeal but is not represented by counsel, nor has she made an appearance in this appeal. The remaining respondents likewise have not appeared in this appeal.

complaint filed by the petitioner on June 2, 2008, seeking to set aside a tax deed obtained by Rebuild. The circuit court set aside the tax deed to Rebuild, which subsequently pursued the appeal in *Rebuild I*. This Court reversed the order that set aside the tax deed, and remanded this case to the Circuit Court of Kanawha County for further proceedings.

Upon this Court's remand, Rebuild attempted to engage in discovery, including the depositions of the petitioner and his wife. The petitioner and his wife did not cooperate in discovery, prompting the respondent to file a motion to compel discovery. The circuit court granted the motion to compel discovery on June 11, 2013.

During the pendency of this action, Rebuild began to fear that the petitioner had vacated the residence that is the center of this litigation. Vines had grown over the entrance door to the home, the lawn was uncut and unkempt, and there did not appear to be any furniture on the first floor.[2] Rebuild filed a motion in the circuit court seeking the right to enter onto the property to secure and inspect the residence and make certain that the house was not being damaged, wasted, or destroyed.

In furtherance of that request, Rebuild's counsel sent to the petitioner a notice for a January 27, 2014, hearing on its "Motion for Authority to Protect Property from Damage." The certificate of service filed by Rebuild's attorney stated that this notice was sent to the other respondents, through their counsel, and to the petitioner at the subject property address. The petitioner filed a response objecting to Rebuild's motion but did not appear at the hearing.

At the hearing on Rebuild's motion, the circuit court addressed a number of other matters involved in this case, despite the notice of hearing being limited to Rebuild's request to protect the property from damage. The court expressed its frustration with the petitioner's failure to appear for the hearing, in spite of having responded to Rebuild America's motion. After granting Rebuild the right to enter onto the property to inspect and secure the residence, the circuit court announced:

> There's a couple of things I'm just going to go ahead and do. I'm not going to take up anything that wasn't noticed, other than what I have heard previously, but I will depending on how this plays out—he's not here today—but I would almost

---

[2] Rebuild photographed the first floor of the house through the windows and did not enter the residence.

2

be compelled *sua sponte* to enter an order holding him in contempt.

. . . .

I think I have the authority *sua sponte* and I think that I can take notice of the order that compelled him to respond, the affidavit you provide sets forth the dates where you were in contact with him, which he later according to the affidavit said he couldn't be there. He has not appeared at the last hearing and he is not here at this hearing. I'm not prepared to—well, if I was going to substantively take up default judgment, I would need to notice that because that is the most serve [sic] sanction I could impose, but I am going to impose sanctions. It's probably futile because I'm going to pose that he pay or be assessed attorney fees and costs in these subsequent attempts to get his deposition . . . .

The circuit court directed Rebuild's counsel to prepare an itemization of the costs incurred by it in its attempts to engage the petitioner in discovery. The court again acknowledged that the petitioner was not given notice that contempt issues were before the court, but stated "I am *sua sponte* taking it up in light of the flagrant disregard that he has demonstrated of the rules and of the suit."

The court entered an order awarding fees and costs of in the amount of Two Thousand Six Hundred Ninety-Three Dollars and Eighty-Three Cents ($2,693.93) on February 18, 2014, from which the petitioner appeals.

The petitioner's assignments of error relate to the insufficiency of the notice of the contempt proceeding. The respondent argues that this appeal has no merit, as the lower court was authorized to award attorney fees and costs as sanctions for the failure to obey a discovery order.

We review the awarding of sanctions by a circuit court under an abuse of discretion standard. Syl. pt. 1, *McDougal v. McCammon*, 193 W.Va. 229, 455 S.E.2d 788 (1995) ("The West Virginia Rules of Evidence and the West Virginia Rules of Civil Procedure allocate significant discretion to the trial court in making evidentiary and procedural rulings. Thus, rulings on the admissibility of evidence and the appropriateness of a particular sanction for discovery violations are committed to the discretion of the trial court. Absent a few exceptions, this Court will review evidentiary and procedural rulings of the circuit court under an abuse of discretion standard."); *see also* syl. pt. 1, *Bell v. Inland Mut. Ins. Co.*, 175 W.Va. 165, 332 S.E.2d 127 (1985) ("The imposition of

3

sanctions by a circuit court under W.Va. R. Civ.P. 37(b) for the failure of a party to obey the court's order to provide or permit discovery is within the sound discretion of the court and will not be disturbed upon appeal unless there has been an abuse of that discretion.")

It is axiomatic that a court may sanction an offending party for discovery abuses. These sanctions may include an award of attorney fees. Syl. pt. 2, *Beto v. Stewart*, 213 W. Va. 355 (2003), 582 S.E.2d 802 (2003) ("West Virginia Rule of Civil Procedure 37(b) explicitly authorizes a circuit court to award attorney's fees as a sanction for the failure to obey a discovery order. The decision to award or not to award attorney's fees rests in the sound discretion of the circuit court, and the exercise of that discretion will not be disturbed on appeal except in cases of abuse.").

While we do not question the court's ability to sanction a party for the failure to participate in good faith in the discovery process, this power is subject to the requirements of due process. We have previously held that due process dictates that a party receive a meaningful notice of hearing and be given an opportunity to respond to any potential sanctions (C*f*. syl. pt. 6, *Czaja v. Czaja*, 208 W.Va. 62, 537 S.E.2d 908 (2000) ("Before imposing sanctions for filing frivolous pleadings and advancing frivolous arguments, a trial court must give the alleged contemnor notice and an opportunity to be heard on the questions of frivolousness, appropriate sanctions, and, if an award of attorney's fees is to be made, on the necessity and reasonableness of such fees. At the conclusion of such hearing, the trial court must make sufficient findings of fact and conclusions of law to enable the appellate court to conduct a meaningful review."), *State ex rel. Rees v. Hatcher*, 214 W. Va. 746, 591 S.E.2d 304 (2003), *citing* syl. pt, 1, in part, *Bartles v. Hinkle*, 196 W. Va. 381, 472 S.E.2d 827 (1996) (alternation in original) ("[B]efore issuing a sanction, a court must ensure it has an adequate foundation either pursuant to the rules or by virtue of its inherent powers to exercise its authority. The Due Process Clause of Section 10 of Article III of the West Virginia Constitution requires that there exist a relationship between the sanctioned party's misconduct and the matters in controversy such that the transgression threatens to interfere with the rightful decision of the case. Thus, a court must ensure any sanction imposed is fashioned to address the identified harm caused by the party's misconduct.").

In the instant case, the sanctions imposed upon the petitioner by the circuit court were done *sua sponte* during a hearing noticed only for the issue of whether the respondent could access the subject property. No notice was given to the petitioner that discovery matters would be addressed, much less that the court might impose monetary sanctions upon petitioner. While it is obvious from the court's repeated acknowledgement of the "*sua sponte*" nature of its decision that it was frustrated with the behavior of the petitioner, this frustration does not obviate the need for the court to observe due process. The summary method of the circuit court's actions gave the petitioner no opportunity to be heard on his underlying failure to participate in discovery

4

or to contest the reasonableness of the sanctions. This was an abuse of the court's discretion and the circuit court's order must therefore be reversed.

For these reasons, the order of the Circuit Court of Kanawha County entered on February 18, 2014, granting sanctions to Rebuild for the petitioner's failure to participate in discovery, is reversed, and this case is remanded for further proceedings consistent with this memorandum decision.

Reversed and Remanded.

**ISSUED: April 9, 2015**

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Senior Status Justice Thomas McHugh, sitting by temporary assignment

**DISQUALIFIED:**

Justice Robin Jean Davis